State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Fulton_____ County

| For Clerk Use Only |
|---|
| Date Filed _____    Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
Young, Montana

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Carroll, Alan

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
Averitt Express, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Kendall Shortway        **Bar Number** 312819        **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
- ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002803**
**3/17/2025 3:05 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Montana Young
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Alan Carroll and
_____
Averitt Express, Inc.
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Averitt Express, Inc. -  Registered Agent: The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Kendall Shortway - MORGAN & MORGAN

Address: 777 Gloucester Street, Suite 400

City, State, Zip Code: Brunswick, GA 31520          Phone No.: 912-443-1098

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.    _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**25EV002803**
**3/17/2025 3:05 PM**
**Donald Talley, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

Montana Young
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Alan Carroll and
_____
Averitt Express, Inc.
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Alan Carroll

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Kendall Shortway - MORGAN & MORGAN

Address:  777 Gloucester Street, Suite 400

City, State, Zip Code:  Brunswick, GA 31520          Phone No.: 912-443-1098

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.    _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

## 777IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MONTANA YOUNG,<br><br>                 **Plaintiff,**<br>vs.<br><br>**ALAN CARROLL and AVERITT EXPRESS, INC.,**<br><br>                 **Defendants.** | **CIVIL ACTION FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Montana Young, and states her complaint against Defendants Alan Carroll and Averitt Express, Inc., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, Montana Young (hereinafter "Young") consents to the jurisdiction of this court.

2.

Defendant Alan Carroll (hereinafter "Carroll") is the driver of the tractor trailer involved in the subject collision and is a resident of the State of Alabama, whose last known address is 3227 Forrest Avenue, Gadsen, Alabama 35904-1852. Defendant may be served at that address.

3.

Defendant Averitt Express, Inc., (hereinafter "Averitt") is a for-profit corporation authorized to do business in the State of Georgia with its principal place of business located at P.O. Box 3166, Cookeville, Tennessee 38502-3166. Defendant Averitt is subject to the jurisdiction of

1

this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent: The Corporation Company located at 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

4.

Defendants Alan Carroll and Averitt Express, Inc., are joint tortfeasors and as such, venue as to all Defendants is proper in Fulton County, Georgia pursuant to O.C.G.A. §9-10-91.

## **FACTUAL ALLEGATIONS**

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about February 6, 2025, Plaintiff Young was operating a 2025 Mazda 3 and was traveling Northbound on Fulton Industrial Boulevard in Fulton County, Georgia.

7.

On or about the same time and place, Defendant Carroll was driving a 2024 Freightliner TT in the course and scope of his employment for Defendant Averitt, heading Northbound on Fulton Industrial Boulevard directly behind Plaintiff Young when Defendant Carroll negligently, recklessly, carelessly and unlawfully following too closely, failed to keep a proper lookout and drove his truck into the rear end of Plaintiff Young's vehicle, causing significant injuries to Plaintiff Young.

## COUNT I – NEGLIGENCE OF DEFENDANT ALAN CARROLL

8.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 7 above as if they were fully restated verbatim.

9.

As a result of the accident, Plaintiff Young suffered multiple injuries.

10.

At all relevant times, Defendant Carroll owed certain civil duties to Plaintiff Young Notwithstanding those duties, Defendant Carroll did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving a 2024 Freightliner TT truck; or, if reasonable and proper observations were made, failing to act thereon;

b.   In distracted driving in violation of O.C.G.A. §40-6-241;

c.   Following too closely in violation of O.C.G.A. §40-6-49;

d.   In failing to observe or undertake the necessary precautions to keep a 2024 Freightliner TT from colliding with the Plaintiff's vehicle in violation of O.C.G.A. § 40-6-390;

e.   In driving a 2024 Freightliner TT truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.   In driving a 2024 Freightliner TT truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.    In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

11.

Defendant Carroll's violations of the aforementioned duties of care constitute negligence *per se*.

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Carroll, Plaintiff Young has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT II – NEGLIGENCE OF DEFENDANT AVERITT EXPRESS, INC., INC., FOR VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

14.

At all relevant times, Defendant Carroll was an employee and agent of Defendant Averitt, and Defendant Carroll was driving a 2024 Freightliner TT within the course and scope of his employment with Defendant Averitt.

15.

Defendant Averitt is liable for the acts and omissions of Defendant Carroll as Defendant Averitt, agent and employee at the time of the collision-in-suit, under the theory of *respondeat*

*superior*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Averitt, Plaintiff Young has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

**COUNT III - NEGLIGENT ENTRUSTMENT, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, AVERITT EXPRESS, INC.**

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

Defendant Averitt, negligently hired, retained, and supervised Defendant Carroll.

19.

Defendant Averitt negligently entrusted the 2024 Freightliner TT to Defendant Carroll when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

20.

The negligent acts and omissions of Defendant, Averitt causing injury to the Plaintiff include, but are not limited to, the following:

5

a.   negligent entrustment of said vehicle to a person who has a propensity to operate said vehicle in a dangerous and unsafe manner and failure to train that person; and/or

b.   failure to exercise ordinary care under the circumstances described in this complaint; and/or

c.   negligent acts of its employee whose conduct injured another while acting within the scope of his employment; and/or

d.   negligent training of its employee, Defendant, Carroll; and/or

e.   negligent supervision of its employee, Defendant, Carroll; and/or

f.   such other acts or omissions of negligence as the evidence may reveal at the trial and as reflected above.

21.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Averitt, Plaintiff Young has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT VI - ATTORNEYS' FEES AND EXPENSES OF LITIGATION

22.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 above as if the same were restated herein verbatim.

23.

Defendant Carroll individually and by and through his representatives, have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

24.

Defendant Carroll is liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## <u>COUNT VII – DAMAGES</u>

25.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 24 above as if the same were restated herein verbatim.

26.

As a result of Defendant Carroll's negligence, Plaintiff suffered severe and permanent injuries and has a claim for past and future pain and suffering.

27.

As a result of Defendant Carroll's negligence, Plaintiff has already incurred past medical expenses and will continue to incur future medical expenses.

28.

As a result of Defendant Carroll's negligence, Plaintiff has already incurred past lost wages and will continue to incur future wage loss and loss of earning capacity.

29.

Defendant Carroll's negligence is the sole and proximate cause of Plaintiff's injuries in addition to her resulting damages.

## COUNT VIII – PUNITIVE DAMAGES

30.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29 above as if the same were restated herein verbatim.

31.

Defendants' actions set forth above show, by clear and convincing evidence, willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences, and that warrants the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

32.

Accordingly, in order to punish, penalize, and deter Defendants, they are liable to Plaintiff for punitive damages.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Young respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

       d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

       e.      That this matter be tried to a jury;

       f.      That all costs be cast against the Defendants;

       g.      That Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A § 13-6-11, as well as any other statutory or common law basis;

       h.      That Plaintiff have and recover from Defendants punitive damages; and

       i.      For such other and further relief as this Court deems just and appropriate.

This 17th day of March 2025.

Respectfully submitted,

*/s/ Kendall B. Shortway*
**KENDALL B. SHORTWAY, ESQUIRE**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester St., Suite 400
Brunswick, GA 31520
T: (912) 443-1098
F: (912) 443-1179
kshortway@forthepeople.com
sfoster@forthepeople.com

State Court of Fulton County
**E-FILED**
25EV002803
4/7/2025 9:24 AM
Donald Talley, Clerk
Civil Division

Control Number : SOP-25068339

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Alan Carroll**

have been filed with the Secretary of State on 04/01/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Montana Young v. Alan Carroll
Court: Fulton County State Court
Civil Action No.: 25EV002803

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 04/07/2025.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State



March 30, 2025

Certified Mail Return Receipt

17234278

Office of Secretary of State
Corporations Division
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, GA  30334

RE:     *Montana Young v. Alan Carroll and Averitt Express, Inc.*
        Fulton County State Court CAFN: 25EV002803

To Whom It May Concern:

        Please find enclosed the following documents:

1.  Check in the Amount of $10.00
2.  Form SOP-1
3.  Summons to Defendant
4.  Complaint
5.  Request for Admissions to Defendant Alan Carroll
6.  Interrogatories to Defendant Alan Carroll
7.  Request for Production of Documents to Defendant Alan Carroll
8.  Affidavit of Compliance for Service of Process

        Please return the Certificate of Acknowledgment to this office at your earliest
convenience.

                                        Sincerely,

                                        *Shenell Foster*

                                        Shenell Foster
                                        Paralegal to Kendall Shortway, Esquire
                                        (470)769-4640
                                        snfoster@forthepeople.com

Enclosures



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817



## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding:    Montana Young v. Alan Carroll and Averitt Express, Inc.
   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of . . ., etc.)

   Civil Action No./File No.:    **25EV002803**

   Court:    **State Court of Fulton County**
   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*     ☐ O.C.G.A. § 14-8-46(i)*     ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)     ☐ O.C.G.A. § 14-8-50(c)     ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)     ☐ O.C.G.A. § 14-8-52(d)     ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)     ☐ O.C.G.A. § 14-9-104(g)*     ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)     ☐ O.C.G.A. § 14-9-902.1(i)*     ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)     ☐ O.C.G.A. § 14-9-906     ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)     ☐ Other: O.C.G.A._____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: **Alan Carroll**

   Business Entity Control Number (if applicable): _____

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   **3227 Forrest Avenue, Gadsen, Alabama 35904-1852**

   _____

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:    **Kendall Shortway**

   Address:    **777 Gloucester Street, Suite 400**

   **Brunswick, GA 31520**

   Email:    **kshortway@forthepeople.com**

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE #:** _____

Montana Young
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Alan Carroll and
_____
Averitt Express, Inc.
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Alan Carroll

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Kendall Shortway - MORGAN & MORGAN
_____

Address: 777 Gloucester Street, Suite 400
_____

City, State, Zip Code: Brunswick, GA 31520          Phone No.: 912-443-1098

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.    _____
                                                                  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☑ **State Court of** Fulton _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number _____ |

**Plaintiff(s)**
Young, Montana

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Carroll, Alan

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Averitt Express, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Kendall Shortway _____   **Bar Number** 312819 _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☑ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**      _____ **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

777IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MONTANA YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN CARROLL and AVERITT EXPRESS, INC.,<br><br>Defendants. | CIVIL ACTION<br>FILE NO:<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Montana Young, and states her complaint against Defendants Alan

Carroll and Averitt Express, Inc., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff, Montana Young (hereinafter "Young") consents to the jurisdiction of this court.

2.

Defendant Alan Carroll (hereinafter "Carroll") is the driver of the tractor trailer involved

in the subject collision and is a resident of the State of Alabama, whose last known address is 3227

Forrest Avenue, Gadsden, Alabama 35904-1852. Defendant may be served at that address.

3.

Defendant Averitt Express, Inc., (hereinafter "Averitt") is a for-profit corporation

authorized to do business in the State of Georgia with its principal place of business located at P.O.

Box 3166, Cookeville, Tennessee 38502-3166. Defendant Averitt is subject to the jurisdiction of

1

this Court and may be served by issuing Summons and a second original of this Complaint to their registered agent: The Corporation Company located at 410 Peachtree Parkway, Suite 4245, Cumming, Georgia 30041.

4.

Defendants Alan Carroll and Averitt Express, Inc., are joint tortfeasors and as such, venue as to all Defendants is proper in Fulton County, Georgia pursuant to O.C.G.A. §9-10-91.

**FACTUAL ALLEGATIONS**

5.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On or about February 6, 2025, Plaintiff Young was operating a 2025 Mazda 3 and was traveling Northbound on Fulton Industrial Boulevard in Fulton County, Georgia.

7.

On or about the same time and place, Defendant Carroll was driving a 2024 Freightliner TT in the course and scope of his employment for Defendant Averitt, heading Northbound on Fulton Industrial Boulevard directly behind Plaintiff Young when Defendant Carroll negligently, recklessly, carelessly and unlawfully following too closely, failed to keep a proper lookout and drove his truck into the rear end of Plaintiff Young's vehicle, causing significant injuries to Plaintiff Young.

2

## COUNT I – NEGLIGENCE OF DEFENDANT ALAN CARROLL

8.

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 7 above as if they were fully restated verbatim.

9.

As a result of the accident, Plaintiff Young suffered multiple injuries.

10.

At all relevant times, Defendant Carroll owed certain civil duties to Plaintiff Young Notwithstanding those duties, Defendant Carroll did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving a 2024 Freightliner TT truck; or, if reasonable and proper observations were made, failing to act thereon;

b.   In distracted driving in violation of O.C.G.A. §40-6-241;

c.   Following too closely in violation of O.C.G.A. §40-6-49;

d.   In failing to observe or undertake the necessary precautions to keep a 2024 Freightliner TT from colliding with the Plaintiff's vehicle in violation of O.C.G.A. § 40-6-390;

e.   In driving a 2024 Freightliner TT truck without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.   In driving a 2024 Freightliner TT truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.     In committing other negligent and reckless acts and omissions as may be shown by
the evidence and proven at trial.

11.

Defendant Carroll's violations of the aforementioned duties of care constitute negligence
*per se*.

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by
Defendant Carroll, Plaintiff Young has suffered significant injuries, medical expenses, and
damages. These damages include emotional distress, personal inconvenience, mental and physical
pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the
Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT II – NEGLIGENCE OF DEFENDANT AVERITT EXPRESS, INC., INC., FOR VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as
if they were fully restated verbatim.

14.

At all relevant times, Defendant Carroll was an employee and agent of Defendant Averitt,
and Defendant Carroll was driving a 2024 Freightliner TT within the course and scope of his
employment with Defendant Averitt.

15.

Defendant Averitt is liable for the acts and omissions of Defendant Carroll as Defendant
Averitt, agent and employee at the time of the collision-in-suit, under the theory of *respondeat*

4

*superior*.

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Averitt, Plaintiff Young has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

### COUNT III - NEGLIGENT ENTRUSTMENT, NEGLIGENT TRAINING AND NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, AVERITT EXPRESS, INC.

17.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 16 above as if they were fully restated verbatim.

18.

Defendant Averitt, negligently hired, retained, and supervised Defendant Carroll.

19.

Defendant Averitt negligently entrusted the 2024 Freightliner TT to Defendant Carroll when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

20.

The negligent acts and omissions of Defendant, Averitt causing injury to the Plaintiff include, but are not limited to, the following:

5

a.      negligent entrustment of said vehicle to a person who has a propensity to operate said vehicle in a dangerous and unsafe manner and failure to train that person; and/or

b.      failure to exercise ordinary care under the circumstances described in this complaint; and/or

c.      negligent acts of its employee whose conduct injured another while acting within the scope of his employment; and/or

d.      negligent training of its employee, Defendant, Carroll; and/or

e.      negligent supervision of its employee, Defendant, Carroll; and/or

f.      such other acts or omissions of negligence as the evidence may reveal at the trial and as reflected above.

21.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Averitt, Plaintiff Young has suffered significant injuries, medical expenses, and damages. These damages include but at not limited to emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life.

## COUNT VI - ATTORNEYS' FEES AND EXPENSES OF LITIGATION

22.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 above as if the same were restated herein verbatim.

6

23.

Defendant Carroll individually and by and through his representatives, have been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense.

24.

Defendant Carroll is liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT VII – DAMAGES

25.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 24 above as if the same were restated herein verbatim.

26.

As a result of Defendant Carroll's negligence, Plaintiff suffered severe and permanent injuries and has a claim for past and future pain and suffering.

27.

As a result of Defendant Carroll's negligence, Plaintiff has already incurred past medical expenses and will continue to incur future medical expenses.

28.

As a result of Defendant Carroll's negligence, Plaintiff has already incurred past lost wages and will continue to incur future wage loss and loss of earning capacity.

29.

Defendant Carroll's negligence is the sole and proximate cause of Plaintiff's injuries in addition to her resulting damages.

## COUNT VIII – PUNITIVE DAMAGES

### 30.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29 above as if the same were restated herein verbatim.

### 31.

Defendants' actions set forth above show, by clear and convincing evidence, willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences, and that warrants the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

### 32.

Accordingly, in order to punish, penalize, and deter Defendants, they are liable to Plaintiff for punitive damages.

## REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Young respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully

and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

     d.     That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

     e.     That this matter be tried to a jury;

     f.     That all costs be cast against the Defendants;

     g.     That Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A § 13-6-11, as well as any other statutory or common law basis;

     h.     That Plaintiff have and recover from Defendants punitive damages; and

     i.     For such other and further relief as this Court deems just and appropriate.

This 17th day of March 2025.

                                     Respectfully submitted,

                                       */s/ Kendall B. Shortway*
                                       **KENDALL B. SHORTWAY, ESQUIRE**
                                       Georgia Bar No. 312819
                                       *Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester St., Suite 400
Brunswick, GA 31520
T: (912) 443-1098
F: (912) 443-1179
kshortway@forthepeople.com
sfoster@forthepeople.com

State Court of Fulton County
\*\*E-FILED\*\*
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| MONTANA YOUNG,<br><br>        **Plaintiff,**<br><br>vs.<br><br>**ALAN CARROLL and AVERITT EXPRESS, INC.,**<br><br>        **Defendants.** | **CIVIL ACTION**<br>**FILE NO:**<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
### TO DEFENDANT ALAN CARROLL

COMES NOW, Plaintiff MONTANA YOUNG, by and through his counsel of record, and requires Defendant ALAN CARROLL to answer under oath the following Requests for Admissions within forty-five (45) days from the date of service of these Requests, pursuant to O.C.G.A. § 9-11-36(a)(2).

Requests for admissions are not objectionable simply because they ask for opinions or conclusions of law as long as the legal conclusions relate to the facts of the case. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 486 S.E.2d 810 (1997).

**NOTE A:** In reply to these Requests for Admission, your answer should specifically admit or deny the request, or set forth in detail the reasons why the request cannot be truthfully admitted or denied. Any denial shall fail to meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. O.C.G.A. § 9-11-36(a)(2).

**NOTE B:** As the answering party, you may not give lack of information or knowledge

as a reason for failure to admit or deny unless reasonable effort has been made and the information known or readily obtainable and available to the Defendant is sufficient to enable the Defendant to admit or deny the matter.  O.C.G.A. § 9-11-36(a)(2).

**NOTE C:**    If the Defendant considers that a matter requested presents a genuine issue for trial, this alone does not constitute grounds for an objection.  Mixed questions of law and fact, opinions, and genuineness of documents are all legitimate subjects of Requests for Admission. O.C.G.A. § 9-11-36(a)(1)(2).

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

2.  "**subject incident**" means the collision between ALAN CARROLL, driver for AVERITT EXPRESS, INC.  and MONTANA YOUNG which occurred on February 6, 2025, in Fulton County, Georgia.

### REQUESTS FOR ADMISSION

1.

Admit that ALAN CARROLL is a proper party to this lawsuit.

2.

Admit that AVERITT EXPRESS, INC. was properly named in this case.

3.

Admit that ALAN CARROLL was a professional driver on the date and time of the subject incident.

4.

Admit that service was proper on ALAN CARROLL

5.

Admit that venue is proper in the State Court of Fulton County as to you.

6.

Admit that jurisdiction is proper in the State Court of Fulton County as to you.

7.

Admit that ALAN CARROLL was an employee of AVERITT EXPRESS, INC.   on February 6, 2025.

8.

Admit that ALAN CARROLL   was acting within the scope of his employment at the time of the subject collision.

9.

Admit that on February 6, 2025, ALAN CARROLL was operating the commercial vehicle owned by Defendant AVERITT EXPRESS, INC.  involved in the subject collision.

10.

Admit that on February 6, 2025, ALAN CARROLL was driving the commercial vehicle as trained by AVERITT EXPRESS, INC.

11.

Admit that no act of Plaintiff MONTANA YOUNG contributed to the subject collision.

12.

Admit that Plaintiff MONTANA YOUNG's actions did not cause or contribute to the subject collision.

- 3 -

13.

Admit that other than those parties named in the Complaint in this case, there are no other persons or entities that caused and/or contributed to the subject incident in any way.

14.

Admit that you received a citation issued by the investigating law enforcement agency arising out of the subject collision.

15.

Admit that you pled guilty to said citation in connection with the subject collision.

16.

Admit that Plaintiff MONTANA YOUNG was injured in the subject collision.

17.

Admit that MONTANA YOUNG incurred medical expenses for treatment of injuries resulting from the subject collision.

18.

Admit that MONTANA YOUNG's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject collision.

This 17th day of March 2025.

Respectfully submitted,

/s/ *Kendall B. Shortway*
**Kendall B. Shortway**
Georgia Bar No. 312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
777 Gloucester Street, Suite 400
Brunswick, GA 31520
Main:   (912) 443-1098
Fax:    (912) 443-1179
Email: kshortway@forthepeople.com

- 4 -

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MONTANA YOUNG, | |
| **Plaintiff,** | |
| vs. | **CIVIL ACTION** |
| | **FILE NO:** |
| **ALAN CARROLL and AVERITT EXPRESS, INC.,** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALAN CARROLL

Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the above-named Defendant (hereinafter referred to "you" or "your") for response within forty-five (45) days after service hereof, in the form provided by law, the following interrogatories and request for production of documents.

You are required, when answering these interrogatories, to furnish all information that is available to you, your attorneys or agents, and anyone else acting on your behalf. If the complete answer to an interrogatory is not known to you, you shall so state and answer the interrogatory to the fullest extent possible.

These interrogatories are deemed to be continuing and you are required to provide, by way of supplementary answers to these interrogatories, such additional information as may be obtained hereafter by you, your attorneys or agents, or anyone else acting on your behalf, which information will augment or modify any answer given to the attached interrogatories. All such supplemental answers must be filed and served upon the counsel of record for the above-named Plaintiff within

a reasonable time after discovery or receipt of such additional information, but in no event later than the time of the trial.

The documents requested to be produced for inspection and copying are to be produced at the offices of MORGAN & MORGAN, 777 Gloucester Street, Suite 400, Suite 400, Brunswick, GA 31520 within forty-five (45) days following receipt of this request unless the 45th day falls on a holiday or weekend, in which event the production will take place on the Monday following the 45th day; or in the event the time for response is shortened by court order, then the shorter time frame shall be applicable. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

You are also required, pursuant to the Civil Practice Act, to produce at trial the materials and documents requested herein.

The following definitions and instructions are applicable to each interrogatory unless negated by the context:

## I.    DEFINITIONS

"Document" means any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access, including, but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, contracts, agreements, checks, bills, invoices, pamphlets, pictures, films, voice recordings, maps, graphs, reports, surveys, minutes of statistical compilations; every copy of such writing or record where the original is not in your possession, custody or control, and every copy of such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

"Person" shall mean a natural person, proprietorship, partnership, corporation, cooperative, association, firm, group, or any other organization or entity.

"Communication" means the transmittal of information from one or more persons to another person or persons, whether the medium for transmittal be oral, written or electronic.

"Date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

"Identify" or "Identity", when used in reference to:

(a)     an individual, shall mean to state the full name, present or last known residence address (designating which), residence telephone number, present or last known employment address (designating which), employment telephone number, and employment title or capacity.

(b)     a firm, partnership, corporation, proprietorship, association or other organization or entity, shall mean to state its full name and present or last known address (designating which) and the legal form of such entity or organization.

(c)     document shall mean to state: the title (if any), the date, author, sender, recipient, the identity of person signing it, type of document (i.e., a letter, memorandum, notation, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian. In the case of a document that was, but is no longer, in the possession, custody or control of Defendant, state what disposition was made of it, why, when and by whom.

Whenever the context so requires, the plural shall include the singular, the singular the plural, the masculine the feminine and neuter, and the neuter the masculine and feminine.

## II.    INTERROGATORIES

1.

Please state your full name, current address, current employer, date of birth, social security number, and driver's license number.

2.

State the name and address of any person, including any party, who to your knowledge information or belief:

      (a)     was an eyewitness to the incident underlying this litigation;

      (b)     has some knowledge of any fact or circumstance upon which your defense is based; or

      (c)     has conducted any investigation relating to the incident underlying this litigation or the background, employment, medical history or activities of the Plaintiff.

3.

Please identify any and all statements or reports given by any person identified in your response to Interrogatory No. 2.

4.

Has any entity issued a policy of liability insurance to you, to any resident relatives you lived with on the date of the incident or on the vehicle you were driving or owned at the time of the accident (including but not limited to auto, motorcycle, vehicular and umbrella policies) which is or arguably should be extending insurance coverage to you? If so, please state for each policy the name of the liability insurer, the limits of coverage, the name of the insured on the policy and the policy number.

5.

Has any insurer referred to in your answer to Interrogatory No. 4 denied coverage or reserved its rights to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

State each and every fact supporting your contention that the Plaintiff's actions contributed to the incident underlying this litigation and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

7.

If you intend to call any expert or technician as a witness at the trial of this action, for each expert or technician please:

(a)     state the subject matter on which s/he is expected to testify;

(b)     state in detail the opinions held by each such expert or technician; and

(c)     give a complete summary of the grounds for each opinion held.

8.

Were you on the business of any individual or entity at the time of the subject incident? If so, please identify any such individual or entity, including name, address and telephone number.

9.

If you have ever been arrested or convicted of any crime (other than minor traffic offenses), even if that arrest or conviction has been removed from your record, please identify each crime or alleged violation, date of arrest, the arresting authority, the court in which any criminal proceeding

against you was held, and the disposition of each charge. (See Lewis v. The State, 243 Ga. 443; Hightower v. G.M., 175 Ga. App. 112)

10.

Please state each and every prior collision or prior insurance claim which you are aware the Plaintiff has been involved in, or the Plaintiff has made, and state whether your agents have procured an ISO claims index report.

11.

If you contend that Plaintiff's alleged injuries pre-existed the incident underlying this litigation, state each and every fact supporting your contention and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

12.

If you contend that Plaintiff has uttered inconsistent statements with regard to material facts at issue in this litigation, state each and every fact supporting your contention and identify:

(a)     each eyewitness that will testify to those facts; and

(b)     each and every document or tangible piece of evidence that will evidence those facts.

13.

If you contend that the Plaintiff has been convicted of or pled guilty to a crime of moral turpitude and/or felony, please identify:

(a)     each eyewitness that will testify to those facts; and

(b)      each and every document or tangible piece of evidence that will evidence those

facts.

14.

What do you contend caused the incident underlying this litigation?

15.

State each and every fact supporting your contention that you are not the sole proximate

cause of the incident underlying this litigation and identify:

(a)      each eyewitness that will testify to those facts;

(b)      each and every document or tangible piece of evidence that will evidence those

facts; and

(c)      who you contend is liable.

16.

What was/were the disposition(s) of the traffic citation(s) issued to you in relation to the

incident underlying this litigation?

17.

Do you contend that the named Defendant has been improperly named as parties to this

action and/or that improper or incorrect agents for service were utilized to effectuate service upon

the Defendant?  If your answer to either of these inquiries is "yes", please provide a detailed

explanation as to why you contend that the named Defendant has been improperly named or the

agents used for service were improper and provide the complete and correct name of the entities

or individuals you contend should have been named and/or served.

18.

Do you contend that venue is improper in this court as to the named Defendant, jurisdiction is lacking over the named Defendant in this Court, or that service of process has been deficient on any of the named Defendant in this matter?  If so, please describe and state with specificity all factual and legal basis supporting any such contention(s).

19.

With regard to the vehicle being operated at the time of the subject incident, please identify:

(a)     the owner of the vehicle;

(b)     the frequency with which you drove the vehicle;

(c)     who paid for the gas and maintenance on the vehicle; and

(d)     if you did not own the vehicle, state whether or not you had the permission of the owner to be driving the vehicle at the time of the subject incident.

20.

Do you have a driver's license? If so, please state when you first acquired any driver's license, what type it is, and what are/were the restrictions on it.

21.

At any other time, either before or after the subject incident, have you ever been arrested for driving under the influence or for any other drug or alcohol related charge?

22.

What is your citizenship and identify any documents supporting your contention.

23.

For each request to admit that you denied, please identify:

(a)     each eyewitness that will testify to those facts supporting your denial; and

(b)    each and every document or tangible piece of evidence that will evidence facts supporting your denial.

24.

Please state whether you had a cell phone at the time of this incident and, if so please provide the cell phone provider, telephone number and the name under which the phone was listed.

## III.    REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Any and all videotapes, photographs, plats or drawings of the vehicles, parties, scene of the incident or any other matter material to the incident underlying this litigation.

2.

Any and all videotapes, photographs, reports, data, memoranda, handwritten notes, or other documents reviewed by or generated by any expert or technician identified in your response to Interrogatory No. 7.

3.

Any and all medical records, videotapes, photographs or other evidence concerning, referencing or depicting Plaintiff.

4.

A copy of any and all photographs and/or videotapes depicting the Plaintiff doing anything.

5.

Any and all documents obtained through a request for production of documents or subpoena.

6.

Any and all documents regarding the property damage estimate of repairs and/or repair bills which you claim were sustained as a result of the incident.

7.

Any and all documents which would in any way challenge, diminish or refute any of the Plaintiff's claimed injuries, medical and/or hospital bills, or lost earnings related to the subject incident.

8.

Any and all insurance policies, including declarations pages, which might provide benefits related to the subject incident regardless of whether the insurer agrees there was coverage.

9.

Any and all taped or written statements taken from Plaintiff, or any other potential witnesses to this lawsuit, by anyone acting on behalf of Defendant or Defendant' insurer(s).

10.

Any and all documents, books, writings or other tangible things which support any defenses you rely upon in your defense to this lawsuit.

11.

A copy of the title and tag registration on the vehicle you were driving at the time of the subject collision.

12.

Any and all documents reflecting the disposition of any charges made against you in the subject incident, including the citations identified in your answer to Interrogatory No.16.

13.

A copy of your current driver's license and all drivers' licenses you have held in the past five (5) years.

14.

Any and all documents related to Plaintiff's medical treatment for injuries allegedly received in the subject incident.

15.

Any and all documents related to the medical treatment Plaintiff received prior to the subject incident.

16.

Any and all documents which you contend in any way impeach or discredit the Plaintiff.

17.

For any document which has not been produced on grounds of privilege, please state the following:

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

This 17th day of March, 2025

Respectfully submitted,

/s/ *Kendall B. Shortway*

**MORGAN & MORGAN**                    **Kendall B. Shortway**
777 Gloucester Street, Suite 400          Georgia Bar No. 312819
Brunswick, GA 31520                       *Attorney for Plaintiff*
Main:   (912) 443-1098
Fax:    (912) 443-1179
Email:  kshortway@forthepeople.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MONTANA YOUNG, | |
| **Plaintiff,** | **CIVIL ACTION** |
| vs. | **FILE NO:** |
| **ALAN CARROLL and AVERITT** | |
| **EXPRESS, INC.,** | **25EV002803** |
| **Defendants.** | **JURY TRIAL DEMANDED** |

**AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS**

STATE OF GEORGIA      )
                                        ) ss.
COUNTY OF GWINNETT   )

 **PERSONALLY APPEARED BEFORE ME,** the undersigned officer duly authorized

to administer oaths, **KENDALL SHORTWAY**, who, after being duly sworn, on oath, deposes

and says:

1.

 I am over the age of majority, and I am an attorney duly licensed to practice law in the

State of Georgia and an active member in good standing with the State Bar of Georgia.

2.

 I am the attorney who represents the Plaintiff in the above-captioned action against

Defendant ALAN CARROLL.

3.

I do hereby certify that in accordance with O.C.G.A. §40-12-2, I have served via process server, the Summons and Complaint of the above case to said Defendant ALAN CARROLL at his last known address: 3227 Forrest Avenue, Gadsen, Alabama 35904-1852.

4.

I do hereby certify that in accordance with O.C.G.A. §40-12-2, I have served via Long Arm Statute, the Summons and Complaint of the above case to said Defendant ALAN CARROLL with the Georgia Secretary of State.

5.

Pursuant to O.C.G.A. 40-12-2, a copy of the summons and complaint along with notice of service on Secretary of State was sent by registered or certified mail or statutory overnight delivery by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance with O.C.G.A. 40-12-2 are appended to the summons or other process and filed with the summons, complaint, and other papers in the case in the court wherein the action is pending.

6.

I further certify that I shall file with the appropriate Court, appended to the documents regarding this case: (1) any return receipt received as evidence of service upon said Defendant by the Plaintiff, and (2) this Affidavit of Compliance.

Further, Affiant saith not.

This 30th day of March 2025

Kendall Shortway, Esq.
Georgia Bar No. 312819

Subscribed and sworn to before me, a
Notary Public, this 30th day of
March 2025.

SHENELL FOSTER
NOTARY
EXPIRES
GEORGIA
JANUARY 25, 2026
PUBLIC
GWINNETT COUNTY

State Court of Fulton County
**E-FILED**
25EV002803
4/9/2025 1:53 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY,
STATE OF GEORGIA

MONTANA YOUNG,                                                    CASE NO: 25EV002803

PLAINTIFF,

Vs.

ALAN CARROLL and AVERITT
EXPRESS, INC.,

DEFENDANT,

### AFFIDAVIT OF SERVICE

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Donnie C. Briley, who, first being duly sworn, on oath deposes and states that he is citizen of the United States and 18 years of age or older and is a party having no interest in the above-styled case.  Affiant further states that on April 1st, 2025, at 10:05 a m, I served Averitt Express, Inc. by serving Pat Stanley who is authorized to accept for registered agent The Corporation Company at her place of business located at 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041 with the following: SUMMONS, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, COMPLAINT AND DEMAND FOR TRIAL BY JURY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT AVERITT EXPRESS, INC, and PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AVERITT EXPRESS, INC.

Pat Stanley fits the following physical description:  White female, 60-70 years old, Sitting, Medium build, and gray hair.

I declare under penalty of perjury that the foregoing is true and correct.

This 7th of April 2025                                The Process Server, LLC
Subscribed and sworn to                                  Donnie C. Briley
Before me this 7th                                  470 Dacula Rd., Suite 1651
Day of April 2025                                        Dacula, Georgia 30019
And notarized by me on this date.                        (404) 788-8331

Notary Public

JULIE A MASON
MY COMMISSION EXPIRES
NOTARY
PUBLIC
JULY 24, 2028
GWINNETT COUNTY, GEORGIA

State Court of Fulton County
**E-FILED**
25EV002803
4/15/2025 10:06 AM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF NON-SERVICE

State of Georgia                                                County of Fulton

Case Number: 25EV002803

Plaintiff:
MONTANA YOUNG

vs.

Defendant:
AI AN CARROLL AND AVERITT EXPRESS INC

Received by PERMA INVESTIGATIONS to be served on ALAN CARROLL, 3227 FORREST AVE GADSDEN, ETOWAH County, AL 35904

I, Sheila Brooks, being duly sworn, depose and say that on the 12th day of April, 2025 at 10:01 am, I

NON-SERVED the SUMMONS & COMPLAINT because the Defendant is unknown at the address furnished by the attorney.

### Additional information pertaining to this Service:
4/6/2025 12:56 pm  Attempted service at 3227 FORREST AVE, GADSDEN, AL 35904, No answer, left card. The property looks abandoned.
4/8/2025  7:33 pm  Attempted service at 3227 FORREST AVE, GADSDEN, AL 35904, No answer. Previously left card is still attached to the door. The neighbors deny knowing if anyone lives here. The neighbor on one side is a business. There are some apartments at 3227A.  No one there admitted knowing Alan Carroll.
4/12/2025  10:01 am  Attempted service at 3227 FORREST AVE, GADSDEN, AL 35904, No answer previously left notice is still on the door.

I certify that I have no interest in the above action, I am over the age of 19 and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 14th day of April, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**Sheila Brooks**
Process Server

**PERMA INVESTIGATIONS**
**PO BOX 1742**
**ROSWELL, GA 30077**

Our Job Serial Number: GBR-2025006569

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

State Court of Fulton County
**E-FILED**
25EV002803
3/17/2025 3:05 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                      DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Montana Young
_____

_____

_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Alan Carroll and
_____

Averitt Express, Inc.
_____

_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT: Alan Carroll

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __Kendall Shortway - MORGAN & MORGAN_____

Address: __777 Gloucester Street, Suite 400_____

City, State, Zip Code: __Brunswick, GA 31520_____    Phone No.: 912-443-1098

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*
 Served, this _____ day of _____, 20_____.    _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**